**AMERICAN POSTAL WORKERS UNION, DETROIT DISTRICT AREA LOCAL, AFL–CIO, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, and John M. Horne, Field Division General Manager/Postmaster, Detroit Division, United States Postal Service, Defendants.**

No. 87–CV–72236–DT.

United States District Court,
E.D. Michigan, S.D.

July 23, 1987.

Barbara Harvey, Detroit, Mich., for plaintiff.

Peter Caplan, Asst. U.S. Atty., Detroit, Mich., for defendants.

## PRELIMINARY INJUNCTION

HACKETT, District Judge.

The plaintiff, American Postal Workers Union, Detroit District Area Local, has moved for a temporary restraining order and preliminary injunction, with notice to the defendants, United States Postal Service and John M. Horne. The Court has heard the testimony of witnesses in open court, under oath, over the course of three days of hearings, and has reviewed the pleadings, exhibits, briefs, and numerous affidavits, and makes the following findings of fact:

1. Breaches of Article 17 of the National Agreement between the APWU and the USPS ("stewards' rights") have occurred and are likely to continue to occur unless enjoined.

2. The actions complained of herein continued after the execution of Step 3 settlement agreements by the parties on June 30, 1987, of class action grievances arising from the actions complained of herein, and are likely to continue despite said settlements, unless enjoined.

3. The plaintiff and employees whom it represents have suffered and will continue to suffer irreparable injury as a result of said breaches.

4. The plaintiff will suffer more from denial of injunctive relief than the Postal Service will from its issuance.

5. The defendants' continuing conduct in breach of the collective bargaining agreement renders the present grievance procedure a hollow formality.

6. Plaintiff has documented defendants' pattern of violating stewards' and grievants' release time rights under the National Agreement since May 9, 1987, and preserved its right to grieve these release violations.

For these reasons, it is hereby ORDERED:

 Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, are hereby preliminarily enjoined and ordered, pending expedited arbitration of the grievances that are still pending on the subject of this litigation, to release immediately stewards requesting release time under Article 17 of the National Agreement for the conduct of union business, together with grievants, unless specifically identified business reasons precluding immediate release are articulated by the supervisor to the requesting steward or grievant at the time of the request, in which event release shall be granted as soon as possible, but no later than two hours after the request; and to release stewards under Article 17 for periods of time that are sufficient to permit completion of both current and backlogged union business. (The parties are referred to the Cushman arbitration trilogy for guidance in this matter.) Union stewards are on notice that they must use their time expeditiously and minimize time away from their postal duties. Plaintiff, having documented and preserved its right to grieve defendants' pattern of release time violations, retains its right to grieve distinct release time violations, but will refrain from filing separate grievances for each 15 minutes or comparable time interval that it is alleged that release time is improperly delayed.

It is further ordered that the parties shall promptly arrange for *expedited arbitration,* as provided in the National Agreement, of the pending grievances involving the release time and full-time stewards program issues. Resolution of representative grievances should expedite disposition of similar pending matters. The records of these court proceedings shall be available to all parties, for use in connection with the resolution of the pending grievances.

It is further ordered that the Postal Service shall immediately deliver copies of this order-preliminary injunction to all supervisory personnel for *immediate* implementation. Stewards shall be replaced when replacement workers are available.

It is further ordered that proceedings in this case shall be stayed pending expedited arbitration of the pending grievances.

Defendants' motion under F.R.Civ.P. 62(c) for a stay of injunction is denied.

No injunction bond is required at this time.

So ordered.